UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUANA'S PACKING COMPANY, LLC,

        Plaintiff,

v.

FEDERAL BAKERS USA, LLC,

        Defendant.
_____/

File No. 1:09-CV-301

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion for entry of default judgment by Plaintiff Juana's Packing Company, LLC, on December 3, 2009, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 52.) Defendant has not responded to the motion.

Plaintiff filed its verified complaint in March of 2009, alleging that Defendant Federal Bakers USA, LLC, agreed to purchase from Plaintiff 4,050 cartons of frozen blueberries at a set price, including storage and carrying charges accruing from October 1, 2007. (Dkt. No. 1, Compl. 2-3; Compl., Ex. A, Sales Confirmation.) Plaintiff alleges that it made several shipments of blueberries to Defendant pursuant to the contract, and that it invoiced Defendant for the amount due, but that Defendant failed to pay the full amount. (Compl. 3-

1

4.) Plaintiff alleges that it was ready and willing to ship the remaining blueberries but did not make any further deliveries because of Defendant's failure to pay. (*Id*. at 4.) Plaintiff asserts two claims: (1) recovery of damages pursuant to the Perishable Agricultural Commodities Act of 1930 (PACA), 7 U.S.C. § 499e(c), and (2) breach of contract.

Defendant filed an answer in May of 2009. Plaintiff filed a motion for summary judgment in October of 2009. (Dkt. No. 32.) Defendant's counsel then filed a motion to withdraw that was granted by United States Magistrate Judge Joseph G. Scoville. Judge Scoville required Defendant to file an appearance of new counsel or risk entry of default. (Dkt. No. 50.) When Defendant failed to file an appearance, the Court entered a default on December 1, 2009. (Dkt. No. 51.)

After a party has filed an appearance, Rule 55(b)(2) of the Federal Rules of Civil Procedure applies, and the defaulting party is entitled to notice of the application for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Plaintiff has satisfied the notice requirement; it filed a certificate of service with the Court on December 3, 2009, indicating that it served a copy of its motion for entry of default judgment on Defendant at its last known address. (Dkt. No. 55.) Defendant has had ample opportunity to respond to the motion.

Once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir.1995). Examining Plaintiff's verified complaint, Defendant has, by its default, admitted all facts necessary to establish its liability

2

under Plaintiff's PACA and breach-of-contract claims. However, Plaintiff must establish its damages. *Id.* at 110. Rule 55 indicates that the Court "may" conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). However, an evidentiary hearing is unnecessary if sufficient evidence is submitted to support the request for damages, *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997), or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits, *United Artists Corp. v. Freeman*, 605 F.2d 854, 867 (5th Cir. 1979). *See Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009) (unpublished) (noting that an evidentiary hearing is a matter of discretion). The Court finds that a hearing is not necessary. The amount of damages sought by Plaintiff is capable ascertainment from definite figures supported by Plaintiff's evidence.

Pursuant to the Michigan Uniform Commercial Code, Plaintiff is entitled to damages in the amount of the balance of the contract price, less any proceeds from the resale of unshipped product:

> (1) When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price
>
>     (a) of goods accepted . . .; and
>
>     (b) of goods identified to the contract if the seller is unable after reasonable effort to resell them at a reasonable price . . . .
>
> (2) Where the seller sues for the price he must hold for the buyer any goods which have been identified to the contract and are still in his control except that if resale becomes possible he may resell them at any time prior to the collection of the

3

> judgment. The net proceeds of any such resale must be credited to the buyer and payment of the judgment entitles him to any goods not resold.

Mich. Comp. Laws § 440.2709. According to the contract, Plaintiff can invoice Defendant for any unshipped product. (Compl., Ex. A, Sales Confirmation.) Plaintiff's controller, Neil Erickson, alleges in an affidavit that Plaintiff's attempts to resell the remaining blueberries have been unsuccessful. (Dkt. No. 52, Attach. 1, Erickson Aff. ¶ 14.) Thus, the Court will award Plaintiff damages in the amount of the full contract price, less any payments received by Plaintiff.

The contract price includes the price of the blueberries, as well as shipping and carrying costs. (Def.'s Ex. A, Sales Confirmation.) The total contract price for the blueberries is $240,570. Plaintiff shipped to Defendant 600 cartons of blueberries worth $35,640 at the contract price. (Erickson Aff., Exs. C, F.) Defendant paid $9,309.37 (Erickson Aff. ¶ 13), leaving a balance of $231,260.63 on the contract price for the blueberries. Plaintiff invoiced Defendant $2,835 in carrying charges on the shipped blueberries (Erickson Aff., Exs. D, G), and $30,791.25 in carrying charges on the remaining stock of unshipped blueberries (Erickson Aff., Exs. H, I, J), for a total of $33,626.25 in carrying charges. Thus, Defendant owes a balance of $264.886.88 on the contract, which is the amount sought by Plaintiff in its application for default judgment. Accordingly, the Court will enter a judgment in Plaintiff's favor for $264.886.88, plus interest accruing until the judgment is satisfied. *See* 28 U.S.C. § 1961.

Plaintiff also requests the Court to impose a trust pursuant to PACA. PACA defines the corpus of a PACA trust as follows:

> Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products . . . until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers . . . .

7 U.S.C. § 499e(c)(2). Further, a PACA trust includes all of the buyer's related liquid assets that are commingled with the proceeds from the agricultural commodities sold to the buyer, to the extent of the full amount owed to the seller. *Sanzone-Palmisano Co. v. M. Seaman Enters., Inc.*, 986 F.2d 1010, 1014 (6th Cir. 1993). Based on the evidence before the Court and the allegations in Plaintiff's complaint, the Court finds that a PACA trust is appropriate and will be imposed as part of the judgment.

A judgment will be entered that is consistent with this memorandum opinion and order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for entry of default judgment (Dkt. No. 52) is **GRANTED**.


Dated: January 21, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE

5